Submitted November 19, 1963, affirmed January 29, petition for
rehearing denied March 10, 1964

## WHITE *v.* LEWIS
388 P. 2d 750

F. P. Stager, Salem, for appellant.

John Hall, Newport, for respondent.

Before McAllister, Chief Justice, and Rossman,

PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

## PER CURIAM.

The plaintiff brought this action in replevin to recover the possession of a tractor. The record discloses that a jury was impaneled to try the case; that after the plaintiff had introduced evidence solely to the effect that plaintiff had now obtained possession of the property, the defendant moved the trial court for a directed verdict. The plaintiff also moved the court for a directed verdict in his favor. Whereupon the jury was discharged and the trial court entered a verdict in favor of the plaintiff, granting him possession of the property, the sum of $300 as a reasonable attorney's fee, and his costs and disbursements. From the judgment entered the defendant appeals.

The basis for defendant's appeal is his contention that no evidence was introduced by plaintiff to establish the fact that plaintiff was the owner and entitled to the immediate possession of the property.

It is true that plaintiff did not offer in evidence proof of ownership of the tractor. The defendant in his answer, however, alleges that he signed a written conditional sales contract as to the tractor. Then by way of avoidance he alleges he was fraudulently induced to sign the contract.

■ The defendant having alleged the plaintiff held title to the property, the plaintiff was relieved of establishing this fact. *Turner Adm'r v. McCready et al.,* 190 Or 28, 222 P2d 1010.

■ Proof of ownership of personal property raises a presumption of immediate right of possession. *Krebs Hop Co. v. Taylor,* 52 Or 627, 97 P 44, 98 P 494.

■ The only issue presented by defendant's answer was the question of the fraud inducing the defendant to sign the conditional sales contract. The defendant offered no evidence upon this issue and the trial court correctly entered judgment for the plaintiff.

The judgment is affirmed.